HAARMANN–DE LAIRE–SCHAEFER CO. v. VAN DYK & CO.

(Circuit Court, S. D. New York. December 16, 1908.)

Patents (§ 328*)—Infringement—Isomerid of Ionone.

    The Laire patent, No. 600,429, for an isomerid of ionone and a process for producing the same, *held* valid and infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit to restrain alleged infringement of United States letters patent No. 600,429, dated March 8, 1898.

Briesen & Knauth, for complainant.
George H. Bruce, for defendant.

RAY, District Judge. The patent in suit contains two claims reading as follows:

"(1) The described method of producing an isomerid of ionone, by treating ionone or pseudo-ionone with a concentrated condensing acid, such as sulfuric acid, as set forth.

"(2) The described isomerid of ionone, boiling in a pure state at about 140° centigrade, having a specific gravity of 0.946 at 17° centigrade, and having an odor of violets, as set forth."

I find no evidence that the patent sued upon is not valid, although the defendant denies its validity. The evidence is satisfactory and conclusive on this subject.

The complainant in its bill of complaint propounded five interrogatories, viz.:

"(1) Did the defendant since April 1, 1901, and prior to the commencement of this suit, make or sell a chemical product under the name of 'Violettan'?

"(2) Is said violettan made by or for the defendant in the United States, or in a foreign country, and, if so, by whom?

"(3) Is said violettan prepared by treating pseudo-ionone with concentrated acid?

"(4) Did defendant, when ionone was ordered, fill such orders with violettan?

"(5) State the exact process employed by the defendant in the manufacture of said violettan."

The defendant answered the first two interrogatories in the affirmative; the third and fourth in the negative; and the fifth it declined to answer, claiming that its process is a secret process owned by the defendant.

I have carefully read the evidence in the case, and am satisfied that the defendant answered the fourth interrogatory untruly, and that it did so knowingly. The excuse seems to be that the purchaser to whom the defendant delivered violettan when it ordered ionone knew that it was getting violettan in place of ionone, and intended violettan when it ordered ionone. I do not think this was the fact. The evidence establishes to my satisfaction that violettan furnished and sold by the defendant is prepared by treating pseudo-ionone with concentrated acid. The complainant had a careful and competent chemical analysis made of the violettan prepared and sold by the defendant. The defendant, although it had the opportunity, did not have a chemical analysis made of any of that violettan. The defendant claims to have had an analysis made of violettan taken from the same large bottle in its store from which it took the violettan sold and produced by the complainant. It may have been taken from the same bottle, but it may not have been the same violettan that the defendant was selling to others. It may not have been taken from the same bottle. There are other reasons which lead me to the same conclusion, and I am satisfied on the whole evidence that the defendant did prepare and sell, or caused to be prepared and sold, the article mentioned and described in the claims in suit and infringed the complainant's patent. It would serve no good purpose to go through the evidence and give all the reasons which lead me to this conclusion.

There will be a decree for the complainant, with costs.